IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ACUITY, A MUTUAL INSURANCE COMPANY,** | § § § | |
| *Plaintiff*, | § § | |
| **v.** | § § | CIVIL ACTION NO. _____ |
| **JCK BATCH PLANT, LLC, AND ERIC OLIVER** | § § § § | |
| *Defendants.* | § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Acuity, A Mutual Insurance Company ("Acuity"), files this Original Complaint for Declaratory Judgment, and in support thereof would respectfully show the Court as follows:

### I.      INTRODUCTION

1.     This is an action for declaratory judgment to determine whether Acuity has a duty to defend and indemnify Defendant JCK Batch Plant, LLC ("JCK") against the claims raised by Defendant Eric Oliver ("Oliver") in the lawsuit styled *Eric Oliver v. JCK Batch Plant, LLC*, Cause No. 1-21-1175, in the 439th Judicial District Court of Rockwall County, Texas (the "Underlying Lawsuit").

### II.      PARTIES

2.     Plaintiff, Acuity, is a corporation organized and existing under the laws of the State of Wisconsin, having its principal place of business in Sheboygan, Wisconsin. At all times relevant herein, Acuity was authorized to issue insurance policies in Texas. For purposes of diversity jurisdiction, Acuity is a citizen of Wisconsin.

3.     Defendant JCK Batch Plant, LLC ("JCK") is a Texas limited liability company

with its principal place of business in Fate, Texas. The citizenship of a limited liability company, for diversity jurisdiction purposes, is based upon the citizenship of each of its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Upon information and belief, JCK has one member: Blanca Canales. Ms. Canales is an individual citizen of Fate, Texas. Accordingly, for diversity purposes, Defendant JCK is a citizen of Texas. JCK may be served by serving its registered agent for service of process, Daniel Salinas, at 6880 S. FM 548, Royse City, Texas 75189. Citation is requested at this time.

4. Defendant Eric Oliver ("Oliver") is an individual who is a citizen of the State of Texas, residing in Midland, Texas. Accordingly, for diversity purposes, Defendant Oliver is a citizen of Texas and may be served at his residence or wherever he may be found. Service of process is requested at this time.

### III.   JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332. As noted in the preceding section, Plaintiff Acuity is a citizen of Wisconsin. Defendants JCK and Oliver are citizens of Texas. Therefore, there is complete diversity of citizenship between Plaintiff and Defendants.

6. An exact amount in controversy is not pleaded in the Underlying Lawsuit. As discussed below, Oliver claims in the Underlying Lawsuit that he sustained "serious and permanent" physical injuries. He seeks damages including, but not limited to, medical expenses, loss of earning capacity, physical pain and suffering, mental anguish, and physical impairment. The insurance policy Acuity issued to JCK contains a liability limit of $1,000,000 per *accident*. JCK seeks coverage for any damages that may be awarded to Oliver in the Underlying Lawsuit from Acuity. Thus, based upon information and belief, the amount in controversy exceeds the

$75,000 threshold necessary to invoke this Court's jurisdiction.

7. Venue is properly maintained in this Court because the accident made the basis of the Underlying Lawsuit occurred in Rockwall County, and the Underlying Lawsuit is pending in Rockwall District Court.

### IV.   FACTS

8. On or about August 27, 2021, Oliver filed his Original Petition in the Underlying Lawsuit. The Underlying Lawsuit arises out of an automobile accident.

9. According to the allegations in the Underlying Lawsuit, on or about April 22, 2021, Oliver was riding as a passenger in a motor vehicle driven by Yoshua Weingerz ("Weingerz"), an employee of JCK who was acting in the course and scope of his employment.

10. Oliver contends that while traveling south in the 3200 Block of FM-548 of Rockwall County, Texas, Weingerz left the roadway and entered the grassy median, striking a mailbox, losing control, and striking a metal pipe fence before coming to a stop (the "Accident").

11. Oliver alleges that he sustained serious and permanent physical injuries, damages, and losses in the Accident, and that JCK's negligence was a proximate cause of his injuries.

12. Oliver further alleges in the Underlying Lawsuit that Weingerz was negligent in the operation of his motor vehicle and that Weingerz's negligence was a proximate cause of the Accident. In particular, he alleges that Weingerz failed to control his speed, failed to maintain a proper lookout, took faulty evasive action, and failed to act as a reasonable person using ordinary care in the same or similar circumstances.

13. In the Underlying Lawsuit, Oliver claims that Weingerz was acting as the employee, statutory employee, agent, servant, and/or representative of JCK, and within the course and scope of such agency or employment. He contends that as such, JCK is vicariously liable for Weingerz's negligent actions and omissions.

14. Based upon information and belief, Oliver was also an employee of JCK and working in the course of his employment for JCK and/or performing duties related to the conduct of JCK's business at the time of the Accident.

15. Further, Oliver alleges that JCK is liable for its own actions and omissions in hiring, training, retention, and supervision of Weingerz, which was a proximate cause of the injuries and damages sustained by JCK.

16. Oliver did not sue Weingerz in the Underlying Lawsuit.

17. Oliver seeks to recover from JCK damages he claims he sustained in the Accident, including but not limited to medical expenses, loss of earning capacity, physical pain and suffering, mental anguish, physical impairment, court costs, and pre- and post-judgment interest..

## V.   THE ACUITY POLICY

18. Acuity insured JCK under package policy number ZE9905, which contains commercial automobile coverage, effective for the period from April 14, 2021 to February 7, 2022 (the "Policy").[1]

19. The Policy provides $1,000,000 in liability coverage for each *accident*, and contains the following provision regarding covered autos:

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the *autos* that are covered *autos* for each of your coverages. The following numerical symbols describe the *autos* that may be covered *autos*. The symbols entered next to a coverage on the Declarations designate the only *autos* that are covered *autos*.

    A.    **DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS**

        SYMBOL DESCRIPTION

---

[1] The Policy was issued to JCK Logistics LLC. JCK Batch, LLC is listed as an Additional Named Insured on the Policy, and qualifies as an Insured. Whether JCK Batch, LLC qualifies as an Insured is not at issue.

       1       = ANY *AUTO*.

20. The Policy contains the following liability Insuring Agreement:

**SECTION II – LIABILITY COVERAGE**

**A.**    **COVERAGE**

We will pay all sums an *insured* legally must pay as damages because of *bodily injury* or *property damage* to which this insurance applies, caused by an *accident* and resulting from the ownership, maintenance or use of a covered *auto*.

. . .

We have the right and duty to defend any *insured* against a *suit* asking for such damages or a *covered pollution cost* or expense. However, we have no duty to defend any *insured* against a *suit* seeking damages for *bodily injury* or *property damage* or a *covered pollution cost* or expense to which this insurance does not apply.

21. The Policy contains the following Exclusions:

**4.**    **Employee Indemnification and Employer's Liability**

*Bodily injury* to:

**a.**    An *employee* of the *insured* arising out of and in the course of:

    **(1)**   Employment by the *insured*; or
    **(2)**   Performing duties related to the conduct of the *insured's* business; or

**b.**    The spouse, child, parent, brother, or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:

**a.**    Whether the *insured* may be liable as an employer or in any other capacity; and
**b.**    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to *bodily injury* to domestic employees not entitled to workers' compensation benefits or to liability assumed by

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**                                          PAGE 5
D/1039333v3

      the *insured* under an *insured contract*. For the purposes of the coverage form, a domestic employee is a person engaged in household or domestic work performed principally in connection with a residence premise.

22.    The Policy contains the following definitions:

A.    "*Accident*" includes continuous or repeated exposure to the same conditions or resulting in bodily injury or property damage.

B.    "*Auto*" means:

    1.    A land motor vehicle, *trailer* or semitrailer designed for travel on public roads; or
    2.    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, *auto* does not include *mobile equipment*.

C.    "*Bodily injury*" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

. . .

F.    "*Employee*" includes a leased worker. *Employee* does not include a temporary worker.

G.    "*Insured*" means any person or organization qualifying as an *insured* in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each *insured* who is seeking coverage or against whom a claim or *suit* is brought.

## VI.    JUSTICIABLE INTEREST

23.    JCK demanded that Acuity defend and indemnify it in the Underlying Lawsuit.

24.    Acuity is currently providing JCK with a defense under a complete reservation of its rights.

25.    Acuity denies that it has a duty to defend, and denies it owes any obligation to indemnify JCK or Oliver for the claims made the basis of the Underlying Lawsuit.

26.    Acuity seeks a declaration that it has no duty to defend JCK, and may withdraw

from JCK's defense.  Acuity also seeks a declaration that it has no obligation to indemnify JCK or Oliver.

27. The interest of Acuity is adverse to the interests of all defendants herein.

28. An actual controversy therefore exists between the parties hereto pursuant to 28 U.S.C. §2201 et seq., Chapter 37 of the Texas Civil Practice and Remedies Code, and Rule 57 of the Federal Rules of Civil Procedure, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint.

### VII.   COUNT FOR DECLARATORY RELIEF

**A.   Count I – The Employee Indemnification and Employer's Liability Exclusion Precludes Defense and Indemnity**

29. Acuity alleges and incorporates by reference the allegations found in paragraphs 1 through 28 above.

30. The Policy's Employee Indemnification and Employer's Liability exclusion precludes coverage for "[a]n *employee* of the *insured* arising out of and in the course of . . . (e)mployment by the insured . . . or performing duties related to the conduct of the *insured*'s business."

31. Oliver alleged that the Accident occurred while Weingerz in the course and scope of employment with JCK or performing duties relating to the conduct of JCK's business.

32. Oliver was JCK's employee, and he was riding in the Vehicle with Weingerz during the Accident.

33. Based upon information and belief, the Accident occurred when Oliver was also working in the course of his employment for JCK and/or performing duties related to the conduct

of JCK's business. Therefore, the Employee Indemnification and Employer's Liability exclusion precludes coverage for Oliver's claims.

34. Acuity has no duty to defend or indemnify Weingerz by virtue of the Employee Indemnification and Employer's Liability exclusion.

## VIII.   CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff ACUITY, A MUTUAL INSURANCE COMPANY, prays for judgment as follows:

A.   Acuity has no duty to defend JCK in the Underlying Lawsuit;

B.   Acuity has no duty to indemnify JCK or Oliver for damages awarded in the Underlying Lawsuit, if any;

C.   Acuity be awarded its attorneys' fees and costs for prevailing in this lawsuit; and

D.   Acuity is awarded such other and further relief, legal or equitable, general or specific, to which it may show itself to be justly entitled.

Respectfully submitted,

By:  /s/ Robert J. Witmeyer
**ROBERT J. WITMEYER**
State bar No. 24091174
Rob.Witmeyer@cooperscully.com
**SUMMER L. FREDERICK**
State bar No. 24067764
Summer.Frederick@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:  (214) 712-9500
Telecopy:  (214) 712-9540

**ATTORNEYS FOR PLAINTIFF,
ACUITY, A MUTUAL INSURANCE COMPANY**